## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IBRAHIM IBRAHIM,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )
ALITALIA, d/b/a ALITALIA AIRLINES,      )
et al.,                                 )
                                        )
            Defendants.                 )
_____        No. 02 C 4275

ALITALIA-LINEE AEREE ITALIANE           )
S.P.A.,                                 )
                                        )
            Third-Party Plaintiff,      )
                                        )
      v.                                )
                                        )
GATEWAY CARGO SERVICE CENTER L.P.,      )
                                        )
            Third-Party Defendant.      )

### MEMORANDUM OPINION AND ORDER

This is a negligence action in which plaintiff, an employee of Gateway Cargo Service Center ("Gateway") at O'Hare Airport, sought recovery for injuries suffered in August 2000 when a large crate fell on him. Plaintiff sued Alitalia Airlines ("Alitalia") and other entities in the aviation cargo services chain. The defendants filed third-party complaints against Gateway.

On September 15, 2005, we entered an order approving a settlement between plaintiff and Gateway and between plaintiff and

Alitalia. All contribution claims against Gateway were dismissed with prejudice, and all claims against Alitalia, including any counterclaims or third-party claims, were dismissed with prejudice. Plaintiff indicated at a status hearing in October 2004 that he intended to move for a voluntary dismissal of the remaining defendants. The only matters left to be resolved, then, which were expressly carved out by our order approving the settlement, are Alitalia's breach of contract and indemnity claims against Gateway for legal fees incurred by Alitalia in defending this suit. (Gateway and Alitalia had previously filed cross-motions for summary judgment addressing this issue, among others.)

At issue is the interpretation of the following indemnification provision, which is part of the "IATA Standard Ground Handling Agreement"[1] between Alitalia and Gateway:

> [Gateway] shall not make any claim against [Alitalia] and shall indemnify it (subject as hereinafter provided) against any legal liability for claims or suits, including costs and expenses incidental thereto, in respect of:
> (a)  injury to or death of any employees of [Gateway], its servants, agents or subcontractors; and
> (b)  damage to or loss of property owned or operated by, or on behalf of, [Gateway] and any consequential loss or damage;
> arising from an act or omission of [Alitalia] in the performance of this Agreement unless done with intent to cause damage, death, delay, injury or loss or recklessly and with knowledge that damage, death, delay, injury or loss would probably result.

---

[1]  "IATA" stands for International Air Transport Association.

(IATA Standard Ground Handling Agreement, Article 8.4, Ex. C to Alitalia's Third-Party Complaint.) Gateway and Alitalia disagree over whether the inclusion of "costs and expenses" requires Gateway to indemnify Alitalia for attorney's fees.

Given that the parties agree that Illinois law governs, we are puzzled by Alitalia's argument that the above-quoted contractual language obligates Gateway to pay Alitalia's attorney's fees. Even more puzzling is Alitalia's citation to Illinois case law that supports *Gateway's* position. "To have a contractual right to attorneys' fees in Illinois, that right must be specifically mentioned in the contract. General promises to pay 'costs,' 'expenses,' or the like, are not promises to pay attorneys' fees." Prudential Ins. Co. of Am. v. Curt Bullock Builders, Inc., 626 F. Supp. 159, 170 (N.D. Ill. 1985) (citing, inter alia, Qazi v. Ismail, 364 N.E.2d 595, 597 (Ill. App. Ct. 1977) ("[W]e find that a court may not award attorney's fees as a matter of contractual construction in the absence of specific language.") and Reese v. Chicago, Burlington & Quincy R.R., 283 N.E.2d 517, 522 (Ill. App. Ct. 1972) ("The cases in which an issue has been made as to whether 'costs', as the term is used in an express contract of indemnity, may be implied to include attorney's fees and other expenses have held that such items are not included. We think it is a fair conclusion that expenses and attorney's fees are recoverable only

where required by the specific terms of a written contract of indemnity."")). Alitalia cites no apposite cases to the contrary.

Because the contractual provision at issue here provides only generally for "costs and expenses" incidental to legal liability for claims or suits and does not expressly provide for indemnification of attorney's fees, Alitalia is not entitled to recover attorney's fees from Gateway under Illinois law. The parties' cross-motions for summary judgment were inadvertently terminated as completely moot when they were in fact still pending as to this issue. Accordingly, the cross-motions of Gateway and Alitalia for summary judgment are hereby reinstated with respect to the attorney's fees issue only; Gateway's motion is granted, and Alitalia's motion is denied.

A status hearing is set for April 20, 2005, at 11:00 a.m., for plaintiff to report on whether he still intends to move to voluntarily dismiss the remaining defendants. If so, and the motion is granted, this case will be terminated.

DATE:       April 6, 2005

ENTER:

John F. Grady, United States District Judge